**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3136-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASOOL WALI MCCRIMMON,
a/k/a RASOOL MCCRIMMON,
ANTHONY GOODS, WALI IBN,
DAHEEM MCWRITE, DAHEEM
MCWRITTE, OOKIE and
ANTHONY WOODS,

    Defendant-Appellant.

_____

Submitted March 17, 2021 – April 21, 2021

Before Judges Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 96-11-3692, 96-12-3890 and 97-03-1255.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rasool W. McCrimmon appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacked merit.

We summarize the pertinent facts and procedural history from the limited record on appeal. In October 1997, defendant was sentenced in the Law Division to an aggregate prison term of five years with a parole disqualifier of three years and six months for a multitude of offenses charged in three Essex County indictments. At the time of sentencing, and when he entered his guilty plea six months prior in April 1997, defendant was eighteen years old. Because defendant was born on March 8, 1979, however, he was seventeen years old when the crimes were committed between June 1996 and January 1997.

More particularly, defendant was charged in three indictments as follows:

Indictment No. 96-11-3692
Date of Offense: June 14, 1996

- second-degree conspiracy, N.J.S.A. 2C:5-2;
- third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (two counts);

2

- third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3) (two counts);
- third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (two counts); and
- fourth-degree possession of drug paraphernalia, N.J.S.A. 2C:36-3.

Indictment No. 96-12-3890
Date of Offense: July 17, 1996

- third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and
- second-degree eluding police, N.J.S.A. 2C:29-2(b).

Indictment No. 97-03-1255
Date of Offense: January 8, 1997

- third-degree conspiracy, N.J.S.A. 2C:5-2;
- fourth-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(12); and
- third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7.

After sentencing, pursuant to the terms of the negotiated plea agreement, the trial court dismissed another indictment that charged third-degree possession of CDS for an offense committed on September 26, 1996. Defendant did not appeal from his convictions or sentence.[1]

---

[1] During oral argument before the PCR judge, the prosecutor represented: "Defendant at one point did file a motion to modify his sentence. That was denied, but [the prosecutor was not] able to track down a copy of that motion."

A-3136-18

In January 2018 – more than twenty years after he was sentenced – defendant filed a pro se petition for PCR. Defendant asserted his petition was timely because he was illegally sentenced for crimes committed when he was a minor, without the benefit of a waiver hearing. In that context, defendant contended the Law Division lacked jurisdiction to impose sentence and, as such, his resulting illegal sentence can be challenged at any time.

Assigned counsel thereafter filed a supplemental brief supporting defendant's petition. PCR counsel expounded upon defendant's timeliness contentions, claiming defendant filed his petition "very shortly after" he was "sentenced on a recent charge" and "became aware that these convictions were referenced as his first three . . . indictable convictions."[2] PCR counsel also claimed trial counsel was ineffective for failing to advise defendant of his right to a waiver hearing.

---

[2] It is undisputed that defendant is currently incarcerated on unrelated convictions. But the record on appeal does not disclose the nature of those convictions. According to the Department of Corrections website, defendant was sentenced on: August 13, 2007 to an aggregate prison term of fifty years, with a parole disqualifier of forty-two years and five months for murder and weapons offenses; August 17, 2007 to a three-year term of imprisonment for uttering false government documents; and June 25, 2010 to a twelve-year prison term, with a mandatory minimum term of ten years and two months for aggravated manslaughter. State of New Jersey, Department of Corrections, https://www20.state.nj.us/DOC_Inmate/details?x=1063872&n=0 (last visited March 29, 2021).

To support his petition, defendant only provided the three judgments of conviction (JOC) and presentence report pertaining to those convictions, and a copy of his birth certificate. PCR counsel acknowledged: "Due to the age of this matter, transcripts are not available[,]" and "[t]rial counsel no longer has the trial file." Accordingly, defendant's petition did not include the transcripts, trial file, indictments, underlying complaints, or the plea agreement. Nor did defendant provide a sworn statement of trial counsel or any other proof supporting his claim that jurisdiction had not been waived to the adult court prior to indictment. Further, during colloquy with counsel at oral argument, the PCR judge confirmed the trial court's file in this matter "from twenty years ago" no longer existed.

Following argument, the PCR judge issued a thoughtful written decision denying defendant's petition on procedural and substantive grounds. Correctly recognizing an illegal sentence claim can be raised at any time, the judge nonetheless determined defendant did not establish his sentence was illegal. The PCR judge also rejected defendant's contentions that trial counsel was ineffective for failing to advise defendant of his right to a waiver hearing. Citing our Supreme Court's decision in State v. Marshall, the judge found "defendant's

allegations [we]re too vague, conclusory or speculative to warrant an evidentiary hearing." 148 N.J. 89, 158 (1997). This appeal followed.

On appeal, defendant limits his argument to a single point for our consideration:

> TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE PERMITTED DEFENDANT TO BE SENTENCED AS AN ADULT WHEN DEFENDANT WAS ONLY A MINOR, AND THEREFORE, DEFENDANT IS ENTITLED TO [PCR], INCLUDING AN EVIDENTIARY HEARING.

Where, as here, the PCR judge has not held a hearing, our review generally is de novo. State v. Harris, 181 N.J. 391, 420-21 (2004). When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, entitlement to the requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). We review a judge's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. See id. at 462.

As a threshold matter, defendant does not address the PCR judge's decision that his petition failed to satisfy the time limits for filing a claim under Rule 3:22-12(a)(1) (providing the filing of a defendant's first petition for PCR shall be filed no more than five years after the entry of the JOC); see also State v. Echols, 199 N.J. 344, 357 (2009). Nor does defendant challenge the judge's decision that he failed to demonstrate excusable neglect for his belated filing

under Rule 3:22-12(a)(1)(A).  See State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding "a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12").

An issue not briefed is deemed waived.  See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2021).  We nonetheless have considered the timing of defendant's petition, and on this record, find no basis to disturb the judge's reasoned conclusion.

Moreover, on appeal defendant only challenges the effectiveness of trial counsel; defendant does not expressly dispute the PCR judge's determination that his sentence was not illegal.  Again, an issue not briefed is deemed waived. Ibid.  Because defendant's illegal sentencing argument is implicitly subsumed within his ineffective assistance of trial counsel point, however, we briefly address the relevant legal principles.

As the PCR judge aptly recognized, a defendant may assert a PCR claim contesting the legality of his sentence at any time.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 3:22-2 (2021); see also R. 3:21-10(b)

(providing a motion for a change of sentence may be made at any time to "correct[] a sentence not authorized by law").  An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000).  "A sentence may also be illegal because it was not imposed in accordance with law.  This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247.  "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions." Ibid.

When defendant committed the offenses at issue, the statutory framework for jurisdictional waiver of a juvenile petition to adult court provided:

> a. On motion of the prosecutor, the court shall, without the consent of the juvenile, waive jurisdiction over a case and refer that case from the Superior Court, Chancery Division, Family Part to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:
> (1) The juvenile was 14 years of age or older at the time of the charged delinquent act; and
>
> (2) There is probable cause to believe that the juvenile committed a delinquent act or acts which if committed by an adult would constitute:
>
> . . . .
>
> (d) An offense against a person committed in an aggressive, violent and willful manner, other than an offense enumerated in subsection a.(2)(a) of

this section, <u>or the unlawful possession of a firearm</u>, destructive device or other prohibited weapon, or arson; or
(e) A violation of N.J.S.2C:35-3, N.J.S.2C:35-4, or <u>N.J.S.2C:35-5</u> . . . .

[N.J.S.A. 2A:4A-26 (<u>L.</u> 1991, <u>c.</u> 91, § 6) (repealed 2016) (emphasis added).]

Pursuant to the plain terms of N.J.S.A. 2A:4A-26, waiver to adult court in this case was not conditioned on defendant's consent. It is undisputed that defendant was seventeen years old when he committed the offenses, including unlawful possession of a weapon and drug offenses that qualified for automatic waiver under N.J.S.A. 2A:4A-26(a)(2)(d) and (e).

Based on our de novo review, however, defendant's bald assertions that jurisdiction was not waived to adult court fall far short of demonstrating his sentence was illegal. Indeed, the record is devoid of trial counsel's sworn statement or any other competent evidence supporting defendant's claims. Because we conclude defendant has not established his sentence was illegal, his ineffective assistance of counsel claims are procedurally barred under <u>Rule</u> 3:22-12(a)(1).

Nonetheless, we have considered the merits of defendant's ineffective assistance of counsel claims and likewise find them woefully lacking in evidentiary support. Simply put, there is no evidence supporting defendant's

bald assertions that trial counsel "permitted [d]efendant to be sentenced as an adult when he was only a minor at the time of the offense[s]." See State v. Porter, 216 N.J. 343, 355 (2013) (recognizing a defendant's PCR petition must contain "specific facts and evidence supporting his allegations").

Accordingly, defendant failed to satisfy his burden for demonstrating PCR. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). We therefore conclude the PCR judge correctly determined an evidentiary hearing was not warranted. See R. 3:22-10(b); see also Porter, 216 N.J. at 354; State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (recognizing the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3136-18